988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timoteo VELASQUEZ, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-16337.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the District of Hawaii, No. CV-88-00171-DAE; David A. Ezra, District Judge, Presiding.
 D.Hawaii
 REVERSED AND REMANDED.
 Before JAMES R. BROWNING, WILLIAM A. NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 As "the place where the act or omission occurred," Hawaii law governs the liability of the United States in this action under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b) and 2671 et seq.; Ting v. United States, 927 F.2d 1504, 1513 (9th Cir.1991). Hawaii Revised Statutes § 671-3 requires a patient to be reasonably informed, inter alia, of "the recognized possible alternative forms of treatment, including non-treatment." See also Mroczkowski v. Straub Clinic & Hosp., Inc., 732 P.2d 1255, 1258-59 (Haw.App.1987). Despite evidence in the record that experts for both plaintiff and defendant agreed that continued administration of antibiotics was a possible alternative treatment,[1] there is no evidence in the record that plaintiff was informed of this possible alternative to surgery. The court's finding to the contrary is unsupported.[2] Accordingly, plaintiff's consent to the operation was not fully informed as required by Hawaii law.
 
 
 3
 Apparently anticipating this problem, the district court stated:
 
 
 4
 To the extent that the information provided by Dr. Offner can be deemed insufficient, the court finds that the Tripler physicians were faced with an emergency situation upon opening Velasquez's chest and discovering a large, rock hard tumor which appeared malignant, that there was a high probability that such mass was malignant, and performing a frozen section or incisional biopsy could have resulting [sic] in seeding or spreading the malignancy.
 
 
 5
 E.R. at 16-17. The record contains no medical testimony to support the conclusion that these circumstances constituted an emergency. Absent testimony from a medical expert that there was a medical emergency, this finding lacks adequate support. See Nishi v. Hartwell, 473 P.2d 116, 121 (Haw.1970). Moreover, the finding is irrelevant. The occurrence of an emergency during the operation would provide no defense to a failure to advise plaintiff of alternative forms of treatment before he consented to the operation.
 
 
 6
 The case must be remanded to the district court to determine whether Velasquez, "acting rationally and reasonably, would not have undergone the treatment had [he] been properly informed of the [alternatives]." Keomaka v. Zakaib, 811 P.2d 478, 483 (Haw.App.1991).
 
 II.
 
 7
 Velasquez argues it was improper for government counsel to refer to the opinion of the government's own expert witnesses in cross-examining plaintiff's expert about the standard of care applicable in 1984. Our review of the record shows that none of the allegedly offending questions was answered. In any event, the expert testimony defense counsel sought to reference was admitted in evidence, and counsel may refer to other evidence in the record to test the opinion of an expert during cross-examination. See Michael H. Graham, Federal Practice & Procedure: Evidence § 6673, at 347-48 n. 5 (interim ed. 1992). Cf. Bobb v. Modern Products, Inc., 648 F.2d 1051, 1055-56 (5th Cir. Unit B 1981) (improper to cross-examine expert witness with reference to another expert's deposition which had been excluded from evidence). We also reject Velasquez's contention that it was error for government counsel to confront plaintiff's expert with prior inconsistent statements from his deposition. Fed.R.Evid. 613. United States v. Williams, 668 F.2d 1064, 1068 n. 9 (9th Cir.1981).
 
 III.
 
 8
 It was not error to admit evidence of Dr. Offner's professional qualifications. Although Offner was not testifying as an expert, the evidence was relevant because the malpractice suit questioned Offner's competence. In any event, Velasquez was not prejudiced by the introduction of this very limited evidence.
 
 
 9
 Reversed and remanded.
 
 
 
 *
 The panel granted appellant's motion to submit this case without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See Tr. 203:11-14 (testimony of Dr. McNamara); 37:14-17 (testimony of Dr. Ching)
 
 
 [2]
 While the district court made no specific finding that Velasquez was informed of the recognized possible alternative forms of treatment, it did so implicitly by finding that he was informed of the "recognized serious risks, complications and anticipated benefits involved in ... the recognized possible alternative forms of treatment." E.R. 16